UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| OSSIRIS DIZON LYNCH, | Case No. 2:17-cv-01897-RFB-NJK |
| Petitioner, | ORDER |
| v. | |
| STATE OF NEVADA, | |
| Respondent. | |

Before the Court is respondent's motion to dismiss petitioner Ossiris Dizon Lynch's *pro se* habeas petition filed under 28 U.S.C. § 2254. ECF No. 9. Lynch did not file an opposition.

**I.     Procedural History and Background**

On November 17, 2014, Lynch pleaded guilty to attempted battery with use of a deadly weapon resulting in substantial bodily harm. Ex. 8.[1] The state district court sentenced Lynch to a prison term of 38 to 96 months. Ex. 12. Judgment of conviction was filed on March 31, 2015. Ex. 13.

Lynch did not file a direct appeal. He filed a state postconviction habeas corpus petition. Exs. 15, 18. The state district court denied the petition, and the Nevada Court of Appeals affirmed the denial. Ex. 39.

Lynch dispatched his federal petition for mailing on approximately June 26, 2017. ECF Nos. 6, 6-1. Respondents now move to dismiss the petition on the bases that the claims are unexhausted, non-cognizable, and conclusory. ECF No. 9.

/ / /

---

[1] Exhibits referenced in this Order are Exhibits to respondents' motion to dismiss (ECF No. 9), which are filed at ECF Nos. 10–11.

## II. Legal Standards

### a. Exhaustion

State prisoners seeking federal habeas relief must comply with the exhaustion rule codified in § 2254(b)(1):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) The applicant has exhausted the remedies available in the courts of the State; or
> (B) (i) there is an absence of available State corrective process; or
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

The purpose of the exhaustion rule is to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal court, and to "protect the state courts' role in the enforcement of federal law." *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). "[G]eneral

appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted). However, citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

### b. Guilty Plea and Federally Cognizable Claims

In *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), the United States Supreme Court held that "when a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." A petitioner may only attack the voluntary and intelligent character of the guilty plea. *Id*. When a petitioner has entered a guilty plea then subsequently seeks to claim his counsel rendered ineffective assistance at the guilt phase of the prosecution, such claim is limited to the allegation that defense counsel was ineffective in advising petitioner to plead guilty. *Fairbank v. Ayers*, 650 F.3d 1243, 1254–1255 (9th Cir. 2011) (citing *Tollett*, 411 U.S. at 266–67, and explaining that because a guilty plea precludes a claim of constitutional violations prior to the plea, petitioner's sole avenue for relief is demonstrating that advice of counsel to plead guilty was deficient); *Lambert v. Blodgett*, 393 F.3d 943, 979 (9th Cir.2004).

### c. Claims Cognizable in Federal Habeas Corpus

A state prisoner is entitled to federal habeas relief only if he or she is being held in custody in violation of the constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). Unless

an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). A petitioner may not transform a state-law issue into a federal one merely by asserting a violation of due process. *Langford v. Day*, 110 F.3d 1380, 1381 (9th Cir. 1996). Alleged errors in the interpretation or application of state law do not warrant habeas relief. *Hubbart v. Knapp*, 379 F.3d 773, 779-80 (9th Cir. 2004).

### d. Conclusory Claims

In federal habeas proceedings, mere conclusions of violations of federal rights without specifics do not state a basis for federal habeas relief. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). A petition may be summarily dismissed if the allegations in it are "vague, conclusory, palpably incredible, patently frivolous or false." *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (internal citations omitted); *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

## III. Lynch's Petition

Lynch presents six claims in his petition.[2]

### a. Ground Four

Lynch contends that his first counsel failed to obtain surveillance video in violation of his Sixth Amendment right to effective assistance of counsel. ECF No. 6-1, p. 3. Such a claim relates to the guilt phase of the prosecution by questioning the evidence available to support a finding of guilt. However, Lynch entered a guilty plea. Thus, his claims for ineffective assistance of counsel must be limited to challenges regarding the advice of counsel that Lynch plead guilty. Because respondents correctly point out that this is not a claim that petitioner did not enter the guilty plea agreement knowingly, voluntarily, and intelligently due to his counsel's ineffective assistance, this pre-plea claim is barred under *Tollett* from federal habeas review. The Court dismisses the claim accordingly.

The court also notes that Lynch did not present this claim to the highest state court, meaning the claim is also unexhausted.

---

[2] The Court previously construed Lynch's petition and the attached "amended petition" to be a single petition. *See* ECF No. 7 (construing ECF No. 6 and ECF No. 6-1 together as the petition in this matter).

### b. Ground Five

Lynch also contends that his first counsel was ineffective by advising Lynch to accept the plea agreement. ECF No. 6-1, p. 5. He argues counsel lied by advising him he would "end up going to prison for 1 to 5 years" otherwise. *Id.* However, while Lynch presented claims of ineffective assistance of counsel to the Nevada Court of Appeals, he did not present the specifics of this claim. *See* Exh. 35. Ground 5 is therefore unexhausted and must be dismissed unless Lynch provides a cause to excuse the procedural defect.

Lynch argues that Ground 5 was not presented to the Nevada Court of Appeals because his postconviction counsel refused to do so. In *Martinez v. Ryan*, the United States Supreme Court held that ineffective assistance of state postconviction counsel may in some instances provide cause to excuse a procedural default of certain claims. 566 U.S. 1, 14 (2012). However, the underlying claim for ineffective assistance of initial counsel must be "a substantial one, which is to say that the [petitioner] must demonstrate that the claim has some merit." *Id.* Ground 5 does not present a "substantial" claim for ineffective assistance of counsel, because Lynch merely cites his initial counsel's advice in conjunction with an alternative estimated sentence based counsel's experience *See Devers v. California*, 422 F.2d 1263, 1264 (9th Cir. 1970) ("It is, of course, one of an attorney's most valuable functions to persuade his client to take that course which, to the attorney, in the light of his experience, appears to be the wisest."). Because the underlying claim is not substantial, Lynch's postconviction counsel's refusal to raise the claim in the state petition does not provide cause to excuse the unexhausted nature of Ground 5. The Court dismisses Ground 5 accordingly.

### c. Ground Six

Lynch argues that his state postconviction counsel was ineffective for failing to raise certain issues that Lynch requested he raise. ECF No. 6-2, p. 7. There is no freestanding federal constitutional right to the effective assistance of state postconviction counsel. *Pennsylvania v. Finley*, 481 U.S. 551, 556-557 (1987). Accordingly, Ground 6 is dismissed as non-cognizable on federal habeas review.

/ / /

### d. Ground Two

Lynch argues, without elaboration, that the state district court erred in denying his state postconviction claims. ECF No. 6. A habeas petition must state facts that point to a real possibility of constitutional error. Lynch has not set forth any factual allegations to support this claim. Ground 2 is dismissed as conclusory. The Court notes that, to the extent Ground 2 generally challenges the denial of Lynch's state postconviction petition, it is redundant of his claims in federal Grounds 1 and 3.

### e. Petitioner's Options Regarding Unexhausted Claim

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id*. In this case, the court concludes that Ground 2 is dismissed as conclusory, Grounds 4 and 6 are dismissed as non-cognizable in federal habeas, and Ground 5 is unexhausted. Because the court finds that Ground 5 is unexhausted, petitioner has these options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claim in his federal habeas petition, and proceed only on the exhausted claims;

2. He may return to state court to exhaust his unexhausted claim, in which case his federal habeas petition will be denied without prejudice; or

3. He may file a motion asking this court to stay and abey his exhausted federal habeas claim while he returns to state court to exhaust his unexhausted claim.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits,

notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

If petitioner wishes to ask for a stay, he must file a motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust his unexhausted claim in state court and presents argument regarding the question of whether his unexhausted claim is plainly meritless. Respondents would then be granted an opportunity to respond, and petitioner to reply. Or petitioner may file a declaration voluntarily abandoning his unexhausted claim, as described above.

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

### IV. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 9) is **GRANTED** as follows:

Grounds 2, 4 and 6 are DISMISSED as set forth in this order.

Ground 5 is UNEXHAUSTED.

**IT IS FURTHER ORDERED** that petitioner shall have **30 days** to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; OR (3) file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have **30 days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. § 2254.

**IT IS FURTHER ORDERED** that petitioner shall have **30 days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

DATED: December 4, 2018.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**